## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Richmond Division

LORI PETROVITCH, *et al.*,            )
                                      )
            Plaintiffs,               )
                                      )
v.                                    )      Civil Action No. 3:23-cv-829–HEH
                                      )
NISSAN NORTH AMERICA, INC.,           )
                                      )
            Defendant.                )

### <u>MEMORANDUM OPINION</u>
**(Adopting R&R as Modified)**

THIS MATTER is before the Court on Plaintiffs Lori and David Petrovitch's ("Plaintiffs") Motion to Enforce Settlement (the "Motion," ECF No. 19) filed on June 28, 2024. In the Motion, Plaintiffs seek to enforce the parties' Settlement Agreement and obtain attorneys' fees, costs, and treble damages. The matter is presently before the Court on the Report and Recommendation ("R&R," ECF No. 34) filed pursuant to 28 U.S.C. § 636(b)(1)(B) by the Honorable Mark R. Colombell, United States Magistrate Judge (the "Magistrate Judge"), on November 14, 2024. The Magistrate Judge's R&R addressed Plaintiffs' Motion and recommended the Court deny the Motion. (R&R at 11.) Plaintiffs have filed Objections to the R&R (ECF No. 35), and Defendant Nissan North America ("Nissan") has responded thereto (ECF No. 36).

The parties have submitted memoranda in support of their respective arguments. The Court will dispense with oral argument because the facts and legal contentions have been adequately presented to the Court, and oral argument would not aid in the decisional

process. *See* E.D. VA. LOC. CIV. R. 7(J). For the reasons stated herein, the Court will adopt the R&R as modified.

## I. LEGAL STANDARD

"A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b)(3). The Court need not address the whole report, but only those specific issues which a party raises. *See United States v. Midgette*, 478 F.3d 616, 621 (4th Cir. 2007). In conducting its review, this Court "may accept, reject, or modify, in whole or in part," the Magistrate Judge's recommended disposition of the case. 28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b)(3).

## II. DISCUSSION

The R&R presents a thorough timeline of events in this case; this Court will make note of those most salient details. This case involves claims under the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301, and the Virginia Motor Vehicle Warranty Enforcement Act, Va. Code § 59.1-207.11 *et seq.* (the "Lemon Law"). After holding an initial pretrial conference, this Court referred the matter to the Magistrate Judge for a settlement conference, which was scheduled for May 14, 2024. The day before the settlement conference, the parties communicated to the Magistrate Judge's chambers that they had settled the underlying action but would need a short period to finalize Plaintiffs' demands for attorneys' fees. After a conference call with the Magistrate Judge where the parties affirmed these representations, the settlement conference was continued until June 4, 2024. The day before the June settlement conference, the parties filed a joint notice of

2

settlement (ECF No. 18) where they represented that "all issues in this case have been resolved by mutual agreement of the parties." Based on this notice, the Magistrate Judge cancelled the settlement conference scheduled for the following day. (R&R at 2.) The Settlement Agreement (ECF No. 32) was not executed, however, until June 21, 2024.[1] One week later after executing the Settlement Agreement, Plaintiffs filed their Motion to Enforce Settlement, seeking to enforce Nissan's agreement to repurchase Plaintiffs' vehicle. (ECF No. 19.)

In response to Plaintiffs' Motion, Nissan relayed that it anticipated the vehicle repurchase would occur within 25–40 days of July 16, 2024. (Resp. in Opp'n ¶ 3, ECF No. 22.) Fifty-nine (59) days later, on September 13, 2024, the Magistrate Judge held a hearing with the parties.[2] At that hearing, the parties stated that they had finally confirmed a date for the repurchase—September 23, 2024. The transaction occurred on that date, and Plaintiffs received a check for the vehicle repurchase shortly thereafter, on September 26, 2024. Ninety-four (94) days passed between the execution of the Settlement Agreement, on June 21, 2024, and the repurchase, on September 23, 2024.

---

[1] The Settlement Agreement was not provided to the Magistrate Judge until mid-October, *after* briefing concluded and *after* a hearing was held.

[2] A full transcript of that hearing is available at ECF No. 29 and is attached as Exhibit 1 to Plaintiffs' Objections to the R&R (ECF No. 35-1).

3

## A. Plaintiffs' Objections

Plaintiffs raise five (5) objections. First, they argue that the Magistrate Judge anchored the R&R on the erroneous premise that Plaintiffs did not return the vehicle in a timely manner. (Obj. at 2, ECF No. 35.) Second, the Magistrate Judge erred by not allowing the deposition of Nissan and its return agent, Morley. (*Id.* at 2–3.) Third, the Magistrate Judge erred by holding that the Virginia Motor Vehicle Warranty Act, Virginia Code § 59.1-207.9, *et seq.*, did not apply here. (*Id.* at 3.) Fourth, the Magistrate Judge wrongly held that Plaintiffs were not entitled to relief afforded by sanction. (*Id.*) Finally, Plaintiffs contend that the Magistrate Judge incorrectly ruled on attorneys' fees before resolution of the merits, in violation of *Lambert v. Sea Oats Condominium Association*, 798 S.E.2d 177 (Va. 2017).

Plaintiffs argue that the Magistrate Judge erroneously found that Plaintiffs did not return the vehicle in a timely manner. (Obj. at 2 (citing R&R at 8).) Plaintiffs misunderstand the Magistrate Judge's findings. The Magistrate Judge found that the Settlement Agreement established procedures for the vehicle repurchase: Plaintiffs would return the vehicle, *then* Nissan would remit payment. (R&R at 7–8; Settlement Agreement ¶ 2.) The Magistrate Judge understood that Nissan, and its third-party vendor, needed to set up a time for the repurchase to occur, but the Settlement Agreement was conspicuously devoid of any deadline for that condition to take place. (R&R at 7–8.) The Magistrate Judge never found that Plaintiffs failed to return the vehicle in a timely manner; instead, he found that the Settlement Agreement articulated a condition precedent, which was simply not met until September 23, 2024, when Plaintiffs returned

the vehicle. The parties could have memorialized a timeframe for the repurchase to occur, but they did not. With that term missing, Virginia law only required that the Magistrate Judge determine whether there was an *unreasonable* delay in effectuating the settlement. *See Firebaugh v. Whitehead*, 559 S.E.2d 611, 616 (Va. 2002) ("[W]hen a contract does not provide a time within which a party must act, the law will imply a reasonable time within which to do so."). There was a ninety-four (94) day delay between the execution of the Settlement Agreement and vehicle repurchase and a delay of three (3) days between the vehicle repurchase and the receipt of a check from Nissan.[3] Such delays may be undesirable, but where, as here, parties fail to include an expressed deadline in a contract, the Court does not find such delays unreasonable. *See Greer v. Nissan North America, Inc.*, No. 7:23-cv-311, 2025 WL 42644, at *4 (W.D. Va. Jan. 7, 2025) ("[T]he court considers 122 days to be a reasonable timeframe within which to consummate a settlement agreement when the parties did not include an express deadline in the agreement.").[4] Therefore, the Magistrate Judge did not err in his factual findings or in his conclusion that Nissan's conduct failed to warrant a sanction.

With that consideration, the Magistrate Judge did not err in denying Plaintiffs' request to reopen discovery and depose Nissan and its return agent, Morley. At the

---

[3] Plaintiffs maintain that they could not deposit the check until October 1, 2024; however, a few days of delay does not alter the Court's conclusion that Plaintiffs received their money within a reasonable time.

[4] During the hearing, Plaintiffs' counsel notified the Magistrate Judge of a similar proceeding before the Western District of Virginia. Plaintiffs' and Nissan's counsel also represent the parties in *Greer*, and the facts underlying the issues there are almost identical to those presented here.

hearing, Plaintiffs requested the opportunity to conduct depositions and explore the

reasons for the delay in repurchasing the vehicle. The Magistrate Judge decided to hold

off on reopening discovery until after further briefing, in part, because he was without the

benefit of the Settlement Agreement. (Tr. at 24:1–13.) After receiving the Settlement

Agreement, the Magistrate Judge found the Settlement Agreement devoid of any

temporal condition and thus concluded Nissan issued payment to Plaintiffs within a

reasonable amount of time—i.e., after the condition precedent of returning the vehicle

was met. Based on this finding, a deposition probing into the basis for the delay would

be unnecessary. Plaintiffs assert that during the hearing, the Magistrate Judge admitted

that discovery would be necessary if Nissan took the position that their delay was

reasonable. (Obj. at 8–9.) This ignores, however, that the Magistrate Judge made these

comments without having seen the Settlement Agreement, as he frequently noted

throughout the hearing.

Unbeknownst to the Magistrate Judge at the time of the hearing, the Settlement

Agreement was not executed until almost twenty (20) days after the parties filed official

notice that they had settled. After receiving the Settlement Agreement and confirmation

that the terms were met within the timeline provided at the hearing, the Magistrate Judge

was well within his prerogative to retract his previous position. Despite representations

in May of 2024 that the parties had nearly reached an agreement and despite the filing of

a Notice of Settlement in early June of 2024, the Settlement Agreement was not executed

until June 21, 2024.[5]  Accordingly, the Magistrate Judge did not err in finding that no

further discovery would be beneficial or necessary to reach a recommendation—and this

Court agrees no discovery is necessary at this stage.

Though the Magistrate Judge declined Plaintiffs' request during his hearing with

the parties, the R&R only impliedly denies the request.  Therefore, insofar as the R&R

does not deny Plaintiffs' request for further depositions, the Court will amend the R&R to

expressly do so.

In the absence of an expressed clause setting a timeframe for consummation of the

Settlement Agreement, Plaintiffs argue that the Court should insert a default forty (40)

day deadline from Virigina Code § 59.1-207.15.  The Court finds the Magistrate Judge

properly declined to apply the forty (40) day deadline from this statute.  Virgina Code

§ 59.1-207.15 expressly provides default rules for "informal dispute settlements."  These

default rules do not apply to all informal settlements; they only apply to those whose

processes are established *by a manufacturer*.  *See* Va. Code § 59.1-207.15(A) ("If a

manufacturer provides an informal dispute settlement procedure . . . .").  This settlement

was facilitated and executed by represented parties after the filing of a federal lawsuit, the

initiation of discovery, and an initial pretrial conference.  Accordingly, Virginia Code

§ 59.1-207.15 is inapplicable here.  *See Greer*, 2025 WL 42644, at *3 (holding the

---

[5]  Plaintiffs could have avoided much heartburn by attending the settlement conference on
May 14, 2024—or even the conference scheduled for June 4, 2024.  The Magistrate Judge, who
is exceptionally skilled and highly experienced in facilitating settlements, could have assisted the
parties in finalizing their agreement and signing settlement documents on either of the two dates.

7

informal dispute resolution procedure did not apply where the parties sued in federal court and did not utilize a manufacturer's informal dispute resolution procedure).

Finally, Plaintiffs contend that the Magistrate Judge improperly denied Plaintiffs' request for attorneys' fees on the basis that Plaintiffs did not provide a sum amount. Plaintiffs rely on *Lambert* which stated that Virginia does not "require a party seeking an award of reasonable attorney's fees to estimate the amount of such an award prior to the disposition on the merits." 798 S.E.2d at 187. Plaintiffs' objection and reliance on *Lambert*, however, ignores the Magistrate Judge's principal findings—that the Court is bound by the Settlement Agreement, which does not entitle either party to attorneys' fees. Even setting that aside, the Magistrate Judge clearly informed the parties that he was submitting a recommendation to this Court. To do so, the Magistrate Judge needed some "amount to which it may anchor such an award" of attorneys' fees. (R&R at 11.) At the hearing, the Magistrate Judge expressed that any request for attorneys' fees needs to be "supported by affidavit and supported by declarations and time sheets and everything else that this Court requires." (Tr. at 10:3–5.) Because Plaintiffs refused to provide any amount and supporting documentation, the Magistrate Judge was unable to recommend any amount of attorneys' fees.[6] Nevertheless, as the Magistrate Judge noted, since sanctions were not warranted and the Settlement Agreement was bereft of an attorneys'

---

[6] Plaintiffs provided a Declaration (ECF No. 30-1) attesting to the reasonableness of Plaintiffs' counsel's hourly rate, but it stands alone. The Court has no record of how many hours counsel billed or what work occurred during those hours.

8

fees clause, there is no basis for Plaintiffs to recover attorneys' fees and costs in bringing

the Motion to Enforce Settlement. (R&R at 9.) This Court agrees.

Accordingly, the Court finds the Magistrate Judge's Report and Recommendation

well-reasoned and well-supported. This Court will adopt the R&R as modified and deny

Plaintiffs' Motion to Enforce Settlement (ECF No. 19).

An appropriate Order will accompany this Memorandum Opinion.

/s/

Henry E. Hudson
Senior United States District Judge

Date: February 13, 2025
Richmond, Virginia

9